IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-10-CR-076(1) LY |
| | § | |
| EDUARDO SALINAS MANZANO | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on August 20, 2010, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I.   PROCEDURAL BACKGROUND

On April 19, 2010, the Defendant was sentenced by Judge Lee Yeakel to time served (139 days), and three years of supervised release, for making a false statement in a passport application, in violation of of 18 U.S.C. § 1542. The Defendant's supervision commenced on April 19, 2010.

Upon completion of his sentence, the Defendant was voluntarily returned to Mexico on or near April 19, 2010. On July 21, 2010, the Defendant was apprehended in Laredo, Texas when a pick-up truck was stopped on I-35 near Laredo after Border Patrol Agents witnessed several men, including the Defendant exit a brushy area and enter the truck. When the truck was stopped, several men fled on foot, but the Defendant was apprehended. On July 23, 2010, he appeared before a

magistrate judge in the Southern District of Texas and pled guilty to illegal entry into the United States, and was sentenced to 60 days of imprisonment. Based on this conviction, the probation office submitted its petition, and the undersigned ordered the issuance of a warrant on July 29, 2010. The Defendant was arrested on that warrant on July 29, 2010, in the Southern District of Texas, and transferred to this district shortly thereafter.

On August 20, 2010, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the charges against him.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7.	The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8.	The Government gave a summary of the evidence against the Defendant, to which the Defendant did not object.

9.	The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10.	The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11.	The Defendant violated conditions of his supervised release by: (1) committing a new federal law violation, specifically, illegal reentry into the U.S., in violation of 8 U.S.C. § 1325(a)(1); and (2) reentering the United States without permission and without reporting to a probation officer.

### III.  RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED.  The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is II, resulting in an (advisory) guideline range of 4 to 10 months of imprisonment.  The Court has considered all of the above, and RECOMMENDS that the Defendant be sentenced to 5 months of imprisonment, with no supervised release to follow.  It is FURTHER RECOMMENDED that the Defendant's sentence be ordered to run consecutive to the 60-day sentence he received in the Southern District of Texas on July 23, 2010, in Case No. 5:10-po–04160.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of August, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE